IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MATTHEW REVELES,                                          OPINION and ORDER

                         Petitioner,                                                 10-cv-201-slc[1]

      v.

ANA M. BOATWRIGHT, Warden,
New Lisbon Correctional Institution,

                         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Michael Matthew Reveles, an inmate at the New Lisbon Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is challenging his December 2005 judgment of conviction in the Circuit Court of Dane County on six counts of second degree sexual assault.  He has paid the five dollar filing fee.

      In the petition, petitioner asserts that in addition to the three claims that he has completely exhausted in the state courts (sufficiency of the evidence, multiplicity and ineffective assistance of trial counsel) he wants to bring additional claims of "unconstitutionality of Wis. Stat. § 940.255(g)," "ineffective assistance of post-conviction

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

counsel," "prosecutorial misconduct," "judicial bias" and "actual innocence." Petitioner is currently litigating these additional claims in state court and requests that this court stay the federal habeas proceedings while he exhausts those claims in state court.

Because I conclude that petitioner has enough time remaining on his federal clock in which to exhaust his state court remedies without jeopardizing the timeliness of any future federal habeas petition, I am denying petitioner's motion to stay. Petitioner may choose to proceed only with his exhausted claims or dismiss the petition in its entirety and re-file it after he exhausts all of his claims.

Petitioner's convictions were consolidated on appeal and were the subject of the Wisconsin Court of Appeals' decision in State v. Reveles, 2009 WI App 27, 2009 WL 198017 (Jan. 29, 2009)(unpublished opinion). I have drawn most of the facts set out below from that opinion.

FACTS

Petitioner was convicted on December 14, 2005 in the Circuit Court for Dane County of six counts of second-degree sexual assault in violation of Wis. Stat. § 940.225(2)(g). The charges were based on allegations from patients at St. Mary's Hospital in Madison, Wisconsin, where petitioner was employed as a certified nursing assistant. The patients alleged that petitioner sexually assaulted them while they were patients at the

2

hospital. Petitioner moved for post-conviction relief on three grounds. First, he contended that there was insufficient evidence to prove beyond a reasonable doubt that St. Mary's Hospital was licensed or approved by the Department of Health Services, as required for conviction under § 940.225(2)(g). Second, he contended that the two counts involving patients Ramona B. and Betty T. were multiplicitous, and therefore, his right to be free from double jeopardy was violated. Also, petitioner contended that because his trial counsel failed to raise a multiplicity argument, counsel was ineffective. In an opinion issued January 6, 2009, the Wisconsin Court of Appeals rejected petitioner's arguments and affirmed the conviction. The Wisconsin Supreme Court denied petitioner's request for review on April 14, 2009.

On December 8, 2009, petitioner filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06, contending that his post-conviction counsel was ineffective, the prosecutor in his criminal case engaged in misconduct by failing to disclose exculpatory evidence, falsifying affidavits and submitting perjured testimony, the judge in his criminal case was biased and Wis. Stat. § 940.255(g) is overbroad and violates his rights to equal protection. The circuit court denied the motion on January 4, 2010, and petitioner appealed the circuit court's decision to the court of appeals on February 17, 2010. The parties are scheduled to begin briefing the appeal in June 2010.

Petitioner filed the instant habeas petition on April 14, 2010. He asserts both

3

exhausted and unexhausted claims in his petition, including ineffective assistance of trial and post-conviction counsel, sufficiency of the evidence, multiplicity, prosecutorial misconduct, judicial bias, unconstitutionality of Wis. Stat. § 940.255(g) and actual innocence.  In addition, he filed a motion to stay this petition, pending exhaustion of his post-conviction appeal in the court of appeals, dkt. #6, and a motion for counsel and an evidentiary hearing, dkt. #4.

OPINION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner generally has one year from the date his state court conviction becomes final in which to seek federal habeas relief.  28 U.S.C. § 2244(d)(1)(A).  In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court considered whether a federal district court has discretion to stay a mixed federal habeas petition, that is, a petition containing both exhausted and unexhausted claims, to allow the petitioner to present his unexhausted claims to the state court and return to federal court for review of his perfected petition.  The Court ruled that a district court has such discretion in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application "close to the end of the 1-year period."  Rhines, 544 U.S. at 275.  Such stays are granted only if the district court determines there was "good cause" for the petitioner's

4

failure to exhaust his claims first in state court and that the unexhausted claims are not "plainly meritless." Id. at 277.

The threshold question in this case is whether petitioner would be able to re-file a perfected habeas petition within the one-year limitations period if a stay is not granted. Petitioner's conviction became final on July 13, 2009, 90 days after the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). His one-year limitations period began to run the next day, July 14, 2009. Petitioner filed his motion for post-conviction relief on December 8, 2009, thereby tolling the federal limitations period on that date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count against the one-year statute of limitations for filing a federal habeas action. This means that the limitations period will remain tolled until petitioner receives a final decision from the Wisconsin Supreme Court on his post-conviction motion, so long as petitioner does not miss any deadlines for filing a petition for review. Fernandez v. Sternes, 227 F.3d 917, 979-80 (7th Cir. 2000). Thus, as of the date of this order, 147 days of petitioner's one-year limitations period have elapsed, meaning that 218

5

days remain.

With 218 days remaining, petitioner does not risk running afoul of the statute of limitations so long as he pursues his state court remedies diligently. Accord Crews v. Horn, 360 F.3d 146, 154 (3rd Cir. 2004) (petitioner ought to be able to file application for state post-conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same).

In sum, with the proper diligence, petitioner has ample time remaining on his federal clock in which to exhaust his state court remedies without jeopardizing the timeliness of any future federal habeas petition. Therefore, a stay of these proceedings is not warranted. To the extent petitioner wishes to proceed on his unexhausted claims, his petition must be dismissed. Because the possibility remains that petitioner may wish to abandon his unexhausted claims and proceed solely on his exhausted claims, I will defer entering judgment to that effect for a period of 14 days. If petitioner wishes to proceed solely on his exhausted, insufficiency-of-the-evidence, ineffective-assistance-of-trial-counsel and multiplicity claims and abandon his other claims, he should inform the court of that fact not later than May 21, 2010. Petitioner should be aware that because it is not clear at this time whether he will pursue his exhausted claims, I have not assessed the merits of any of those claims. If petitioner notifies the court that he wishes to pursue his exhausted claims, I will

screen those claims pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  If the court receives no response from petitioner by May 21, 2010, it will enter judgment dismissing the petition in its entirety without prejudice.

## ORDER

The motion filed by petitioner Michael Matthew Reveles, dkt. #6, for a stay of his federal habeas petition so that he may exhaust his state court remedies is DENIED.  If petitioner wishes to proceed solely on his exhausted insufficiency-of-the-evidence, ineffective-assistance-of-trial-counsel and multiplicity claims and abandon his other claims, he should inform the court of that fact not later than May 21, 2010.  If the court receives no response from petitioner by that date, it will enter judgment dismissing the petition in its entirety without prejudice.

Entered this 10th day of May, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge